Bay LS Medical Supplies, Inc., as Assignee of JOSE DIAZ, Respondent, 
against
Allstate Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (William A. Viscovich, J.), entered January 16, 2013. The order, insofar as appealed from, granted the branch of plaintiff's motion seeking summary judgment upon the first cause of action; upon denying the branch of plaintiff's motion seeking summary judgment upon the second cause of action, made, in effect, CPLR 3212 (g) findings in plaintiff's favor; and denied the branch of defendant's cross motion seeking summary judgment dismissing the second cause of action. So much of the notice of appeal as is from the portion of the order which granted the branch of plaintiff's motion seeking summary judgment upon the first cause of action is deemed to be from a judgment of the same court entered February 13, 2013 awarding plaintiff the principal sum of $750 (see CPLR 5501 [c]).




ORDERED that the judgment is reversed, without costs, so much of the order entered January 16, 2013 as granted the branch of plaintiff's motion seeking summary judgment on the first cause of action is vacated, and that branch of plaintiff's motion is denied; and it is further,
ORDERED that the order, insofar as reviewed on direct appeal and insofar as appealed from, is reversed, with $30 costs, and the branch of defendant's cross motion seeking summary judgment dismissing the second cause of action is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. The Civil Court granted the branch of plaintiff's motion seeking summary judgment upon the first cause of action; denied the branch of plaintiff's motion seeking summary judgment upon the second cause of action; denied defendant's cross motion; and made, in effect, CPLR 3212 (g) findings that the only remaining issue for trial upon the second cause of action was defendant's proof of mailing with respect to the denial of claim form. A judgment was subsequently entered on February 13, 2013 awarding plaintiff the principal sum of $750. On appeal, defendant argues that plaintiff failed to make a prima facie showing of its entitlement to summary judgment and that the branch of its cross motion for summary judgment dismissing the second cause of action should have been granted.
Plaintiff's moving papers failed to establish either that defendant had failed to pay or deny the claim within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2013]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC [*2]Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Thus, plaintiff did not establish its prima facie entitlement to summary judgment. As a result, the branch of plaintiff's motion seeking summary judgment on its first cause of action should have been denied.
In support of the branch of its cross motion seeking summary judgment dismissing the second cause of action, defendant submitted an affidavit by its special investigator which set forth the standard mailing practices and procedures by which he had mailed the denial of claim form at issue to plaintiff, and defendant also submitted a copy of the certified mail return receipt card bearing the subject claim number, which reflected that plaintiff had signed for the envelope which, in accordance with the affiant's standard office practice and procedure, contained the denial of claim form in question (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As plaintiff failed to submit an affidavit in opposition to defendant's cross motion, defendant's proof that the denial of claim form had been timely mailed to plaintiff was unrebutted. In view of the foregoing, and as plaintiff has not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment dismissing the second cause of action, so much of the order as denied the branch of defendant's cross motion seeking summary judgment dismissing that cause of action is reversed and that branch of defendant's cross motion is granted (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]).
Accordingly, the judgment is reversed, so much of the order entered January 16, 2013 as granted the branch of plaintiff's motion seeking summary judgment on the first cause of action is vacated, and that branch of plaintiff's motion is denied. In addition, the order, insofar as reviewed on direct appeal and insofar as appealed from, is reversed, and the branch of defendant's cross motion seeking summary judgment dismissing the second cause of action is granted.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: August 18, 2016