OPINION OF THE COURT
Memorandum.
Ordered that the order is modified by providing that defendant’s cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
Plaintiff’s assignor was injured in a motor vehicle accident while riding in a vehicle which was insured by a New Jersey automobile insurance policy issued by defendant. Thereafter, plaintiff commenced this action to recover, among other things, assigned first-party no-fault benefits for the services it had rendered to its assignor, alleging that its claims were unpaid. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint on the ground that the dispute had to be resolved by arbitration. In opposition to plaintiff’s motion and in support of the cross motion, defendant addressed only the merits of plaintiff’s motion, made no arguments in support of its cross motion, and did not move to compel arbitration. The Civil Court denied plaintiff’s motion and granted defendant’s cross motion.
Since the insurance policy at issue contains a provision that “[t]he policy and any amendments and endorsements are to be interpreted pursuant to the laws of the state of New Jersey,” New Jersey law applies (see Bay Med. PC. v GEICO Ins. Co., 41 Misc 3d 145[A], 2013 NY Slip Op 52084[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).* In Bay Med. P.C., this court held that dispute resolution is not mandatory pursuant to NJ Stat Ann § 39:6A-5.1 (a), as implemented by NJ Admin Code § 11:3-5.1 (a), which provides that a dispute regarding the recovery of no-fault benefits may be submitted to dispute *109 resolution upon the initiative of either party to the dispute (see also New Jersey Mfrs. Ins. Co. v Bergen Ambulatory Surgery Ctr., 410 NJ Super 270, 272-273, 982 A2d 1, 2-3 [2009]). The insurance policy in question also states that a matter may be submitted to dispute resolution “on the initiative of any party to the dispute.” However, the existence of an option to arbitrate is not a ground for dismissal of a court action; such an option—if exercised by way of a motion to compel arbitration—is a ground to stay the court action (see CPLR 7503 [a]). As defendant has not moved to compel arbitration, defendant’s cross motion for summary judgment dismissing the complaint should have been denied (see Bay Med. P.C. v GEICO Ins. Co., 41 Misc 3d 145[A], 2013 NY Slip Op 52084[U]; Advanced Med. Diagnostics of Queens, P.C. v GEICO Ins. Co., 38 Misc 3d 140[A], 2013 NY Slip Op 50219[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Inasmuch as plaintiff failed to establish, in the first instance, the medical necessity of the services rendered (see Elkins v New Jersey Mfrs. Ins. Co., 244 NJ Super 695, 583 A2d 409 [1990]) and failed to show that defendant did not properly pay any claim within 60 days after it had been furnished with written notice of the fact of a covered loss and the amount of same (see NJ Stat Ann § 39:6A-5 [g]), under New Jersey law, plaintiff’s motion for summary judgment was properly denied.
Accordingly, the order is modified by providing that defendant’s cross motion for summary judgment dismissing the complaint is denied.
Aliotta, J.P., Pesce and Solomon, JJ., concur.

 Contrary to plaintiff’s contention, the underwriter’s affidavit that defendant submitted in support of its cross motion laid a sufficient foundation to allow consideration of the exhibits annexed to the cross motion.