St. Chiropractic, P.C., as Assignee of MARCUS BAHAM, Respondent, 
against
Geico General Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered July 10, 2014. The order, insofar as appealed from and as limited by the brief, denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
Plaintiff's assignor was injured in a motor vehicle accident while riding in a vehicle which was insured by a New Jersey automobile insurance policy. Plaintiff commenced the instant action to recover, among other things, assigned first-party no-fault benefits for the services it had rendered to its assignor, alleging that its claims were unpaid. Thereafter, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint. In support of its cross motion, defendant argued, among other things, that New Jersey law controlled, and that New Jersey law and the subject insurance policy required that the matter be submitted to arbitration. Defendant did not move to compel arbitration pursuant to CPLR 7503 (a). By order entered July 10, 2014, the Civil Court denied both motions, but limited the issue for trial to medical necessity, finding that plaintiff had established that the claims had been mailed to, and received by, defendant and had not been paid, that the substantive law of New Jersey controlled, that the court did not lack jurisdiction, and that arbitration is not mandatory under New Jersey law. 
As limited by its brief, defendant appeals from so much of the order as denied its cross motion for summary judgment, contending, among other things, that the complaint should have been dismissed because the Civil Court improperly determined that the insurance policy did not mandate dispute resolution.
Since the insurance policy at issue contains a provision that "[t]he policy and any amendments and endorsements are to be interpreted pursuant to the laws of the state of New Jersey," the substantive law of New Jersey applies (see Natural Therapy Acupuncture, P.C. v Geico Ins. Co., 50 Misc 3d 107 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Bay Med., P.C. v GEICO Ins. Co., 41 Misc 3d 145[A], 2013 NY Slip Op 52084[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). However, New York's procedural laws control. In Natural Therapy Acupuncture, P.C. and Bay Med., P.C., this court held that dispute resolution is not mandatory pursuant to NJSA § 39: 6A-5.1 (a), as implemented by NJAC § 11:3-5.1 (a) (see also New Jersey Mfrs. Ins. Co. v Bergen Ambulatory Surgery Ctr., 410 NJ Super 270, 272-273 [2009]), which provides that a dispute regarding the recovery of no-fault benefits may be submitted to dispute resolution upon the initiative of either party to the dispute. Similarly, the insurance policy in question provides that a matter may be submitted to dispute resolution "on [*2]the initiative of any party to the dispute." However, the existence in a contract of an option to arbitrate in the event of a dispute is not a ground to dismiss the complaint in a court action based on that dispute. Rather, where one party commences a court action, the adverse party may seek to exercise the arbitration clause by moving to compel arbitration. If that motion is granted, the court stays the action pending arbitration (see CPLR 7503 [a]). Here, defendant has not moved to compel arbitration (see Natural Therapy Acupuncture, P.C. v Geico Ins. Co., 50 Misc 3d 107; Bay Med., P.C. v GEICO Ins. Co., 41 Misc 3d 145[A], 2013 NY Slip Op 52084[U]). In view of the foregoing, we find no basis to disturb so much of the order as denied defendant's cross motion for summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is affirmed. 
Solomon, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: August 18, 2016