<partyblock>

Sharp View Diagnostic Imaging, P.C., as Assignee of Falaise Walker, Appellant,

against

GEICO General Ins. Co., Respondent.

Kopelevich & Feldsherova, P.C. (Galina Feldsherova, Esq.), for appellant.

The Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered June 10, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.

ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.

In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. The court found that defendant had demonstrated that the limits of the applicable insurance policy had been exhausted.

Since the insurance policy at issue contains a provision that "[t]he policy and any amendment(s) and endorsement(s) are to be interpreted pursuant to the laws of Georgia," the substantive law of Georgia applies (see St. Chiropractic, P.C. v Geico Gen. Ins. Co., 53 Misc 3d 59, 61 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Natural Therapy Acupuncture, [*2]P.C. v . Geico Ins. Co., 50 Misc 3d 107 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Bay Med., P.C. v. GEICO Ins. Co., 41 Misc 3d 145[A], 2013 NY Slip Op 52084[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). However, New York's procedural laws control (see St. Chiropractic, P.C. v Geico Gen. Ins. Co., 53 Misc 3d at 61).

The affidavit of defendant's underwriter which was submitted in support of defendant's cross motion was sufficient to provide a foundation for the consideration of the annexed copies of the insurance policy and declaration page, which indicated that the policy had a $10,000 medical payment limit. However, that affidavit and an affidavit by defendant's claims division employee failed to establish defendant's prima facie entitlement to summary judgment dismissing the complaint, since the assertions contained therein failed to provide a foundation for the consideration of the annexed printouts
inasmuch as neither affidavit specifically addressed the printouts. Moreover, it is noted that Section 1 of the insurance policy, entitled "Out of State Insurance," provides that when "the policy applies to the operation of a motor vehicle outside your state, we agree to increase your coverages to the extent required of out-of-state motorists by local law" (emphasis in the original). It is uncontroverted that the accident took place in South Carolina, and defendant provided no information regarding the minimum financial responsibility required by the State of South Carolina. Consequently, defendant's cross motion for summary judgment dismissing the complaint should have been denied.

Although the affidavit plaintiff submitted in support of its motion was sufficient to establish that the claim had been timely and properly mailed to defendant, the conclusory statements contained in the affidavit failed to establish that the claim had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, plaintiff failed to establish its prima facie entitlement to summary judgment.

Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.

ELLIOT, J.P., PESCE and SOLOMON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 23, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>