Arguelles, M.D., P.C., as Assignee of BETTY ST. FLEUR, Appellant, 
against
American Transit Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered March 26, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the seventh through tenth causes of action are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment, and granted defendant's cross motion for summary judgment dismissing the complaint on various grounds.
Contrary to plaintiff's contention as to the first through sixth causes of action, plaintiff failed to submit admissible medical proof to rebut defendant's prima facie showing that the services at issue were not medically necessary. Plaintiff's remaining contention as to these causes of action lacks merit (see Ortho-Med Surgical Supply, Inc. v Mercury Cas. Co., 27 Misc 3d 128[A], 2010 NY Slip Op 50587[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Consequently, plaintiff has shown no basis to disturb so much of the order as granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action.
However, as to the seventh cause of action, plaintiff correctly argues that defendant failed to submit proof by someone with personal knowledge attesting to the nonappearance of plaintiff's assignor for independent medical examinations (IMEs) (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, the branch of defendant's cross motion seeking summary judgment dismissing that cause of action should have been denied. However, since plaintiff failed to demonstrate that its assignor had appeared for either of the IMEs, and thereby establish that defendant's denial based on this ground lacked [*2]merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), the branch of plaintiff's motion for summary judgment as to this cause of action was properly denied.
Contrary to plaintiff's argument as to the eighth cause of action, while defendant failed to prove any defense as to the claim underlying this cause of action, the record does not demonstrate that defendant conceded owing this claim. Moreover, plaintiff failed to establish its prima facie entitlement to summary judgment on this cause of action, since the proof submitted by plaintiff failed to establish that this claim had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim form with respect thereto that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr., 78 AD3d 1168; Ave T MPC Corp., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U]). Thus, we find that neither party was entitled to summary judgment as to this cause of action.
Finally, as to the ninth and tenth causes of action, we find that there is a triable issue of fact as to whether defendant received the claims underlying those causes of action (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Accordingly, the order is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the seventh through tenth causes of action are denied.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 19, 2016