Charles Deng Acupuncture, P.C., as Assignee of JOSEPH MONIEL, Appellant,
against
Allstate Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered December 3, 2013. The order, insofar as appealed from and as limited by the brief, denied plaintiff's motion for summary judgment, granted the branch of defendant's cross motion seeking summary judgment dismissing plaintiff's first cause of action and, upon denying the remaining branches of defendant's motion for summary judgment, made, in effect, a finding, for all purposes in the action, that defendant's denial of claim forms had been timely and properly mailed.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing plaintiff's first cause of action is denied and by vacating the finding, for all purposes in the action, that defendant's denial of claim forms had been timely and properly mailed; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. The Civil Court denied plaintiff's motion for summary judgment, granted the branch of defendant's cross motion seeking summary judgment dismissing plaintiff's first cause of action, and, upon denying the remaining branches of defendant's motion for summary judgment, made, in effect, a finding, among others, for all purposes in the action, that defendant's denial of claim forms had been timely and properly mailed.
Plaintiff correctly argues on appeal that the affidavit submitted by defendant did not sufficiently set forth a standard office practice or procedure that would ensure that the denial of claim forms had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Thus, defendant did not demonstrate that the branch of its motion seeking summary judgment dismissing plaintiff's first cause of action, which was based upon defendant's allegation that it had properly paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule, should have been granted, or that it is entitled to a finding for all purposes in the action that its denial of claim forms were timely and properly mailed. 
However, contrary to plaintiff's contention, plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the affidavit plaintiff submitted in support of its motion [*2]failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing plaintiff's first cause of action is denied and by vacating the finding, for all purposes in the action, that defendant's denial of claim forms had been timely and properly mailed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 27, 2016