■ WESTCHESTER MEDICAL CENTER, as Assignee of Sharon Bayly, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent. [911 NYS2d 907]—

In an action to recover no-fault medical benefits under an insurance contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered April 6, 2010, which denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

Pursuant to the statutory and regulatory framework governing the payment of no-fault automobile benefits, insurance companies are required to either pay or deny a claim for benefits within 30 days of receipt of the claim (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]). Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law on its claim for benefits since the evidence demonstrates that the defendant made a partial payment and a partial denial of the claim within 30 days after receipt thereof (*see New York & Presbyt. Hosp. v Allstate Ins. Co.*, 31 AD3d 512 [2006]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Furthermore, under the circumstances of this case, the minor factual discrepancy contained in the defendant's denial of claim form did not invalidate the denial. In addition, the denial was not conclusory or vague, and did not otherwise involve a defense which had no merit as a matter of law (*see Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 11 AD3d 664, 665 [2004], citing *Amaze Med. Supply v Allstate Ins. Co.*, 3 Misc 3d 43, 44 [2004]; *cf. New York Univ. Hosp. Rusk Inst. v Hartford Acc. & Indem. Co.*, 32 AD3d 458, 460 [2006]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564 [2005]).

Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the defendant's papers in opposition to the motion (*see Moore v Stasi*, 62 AD3d 764 [2009]; *Marshak v Migliore*, 60 AD3d 647 [2009]). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.