Alleviation Medical Services, P.C. as Assignee of DWAYNE MILLER, Respondent,
against
Hertz Co., Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered July 17, 2013. The judgment, entered pursuant to an order of the same court entered July 8, 2013 granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $3,548.69.




ORDERED that the judgment is reversed, with $30 costs, so much of the order entered July 8, 2013 as granted plaintiff's motion for summary judgment is vacated and plaintiff's motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from a judgment of the Civil Court entered July 17, 2013 pursuant to an order of the same court entered July 8, 2013, which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.
Contrary to defendant's contention, the affirmation by a partner in the law firm retained by defendant to conduct examinations under oath (EUOs) of plaintiff did not satisfy defendant's burden of presenting proof by someone with personal knowledge of the nonappearance of plaintiff at the EUOs in question (see Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). As a result, defendant failed to establish, as a matter of law, defendant's entitlement to summary judgment dismissing the complaint. However, since plaintiff failed to show that it had appeared for either of the EUOs, plaintiff's motion for summary judgment should have been denied, as plaintiff did not establish that the denial of claim form was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment is reversed, so much of the order entered July 8, 2013 as granted plaintiff's motion for summary judgment is vacated and plaintiff's motion for summary judgment is denied.
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: March 16, 2016