IMA Acupuncture, P.C., as Assignee of GILBERT B. SYKES, Respondent,
against
Allstate Insurance Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Barry A. Schwartz, J.), entered August 14, 2013, deemed from a judgment of the same court entered September 4, 2013 (see CPLR 5512 [a]). The judgment, entered pursuant to the August 14, 2013 order granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $3,092.34.




ORDERED that the judgment is reversed, with $30 costs, so much of the order entered August 14, 2013 as granted plaintiff's motion for summary judgment is vacated, and plaintiff's motion is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for examinations under oath (EUOs). By order entered August 14, 2013, the Civil Court granted plaintiff's motion and denied defendant's cross motion. A judgment awarding plaintiff the principal sum of $3,092.34 was entered on September 4, 2013. Defendant's subsequently filed notice of appeal from the August 14, 2013 order is deemed to be a notice of appeal from the judgment entered September 4, 2013 (see CPLR 5512 [a]).
Contrary to defendant's contention, the affirmation submitted in support of defendant's cross motion by a partner in the law firm retained by defendant to conduct EUOs of plaintiff was not made on personal knowledge and, therefore, defendant failed to establish, as a matter of law, its entitlement to summary judgment dismissing the complaint (see Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). 
With respect to plaintiff's motion, we find that plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as plaintiff did not establish that defendant's defense lacked merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment is reversed, so much of the order entered August 14, 2013 as granted plaintiff's motion for summary judgment is vacated, and plaintiff's motion for summary [*2]judgment is denied.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 06, 2016