Sama Physical Therapy, P.C., as Assignee of WILLIAM VOLQUEZ, Appellant,
against
American Transit Ins. Co., Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered October 4, 2013. The order, insofar as appealed from, denied plaintiff's motion for summary judgment and granted the branches of defendant's cross motion seeking summary judgment dismissing the first through third causes of action and so much of the fifth and sixth causes of action as sought to recover in excess of "the proper No-Fault rate" of $32.57 for each of the claims underlying those causes of action.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the first through third causes of action are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint. The Civil Court denied plaintiff's motion and granted the branches of defendant's cross motion seeking summary judgment dismissing plaintiff's first through third causes of action. In denying the branches of defendant's cross motion seeking summary judgment dismissing the fourth through sixth causes of action, the court stated that "the claims are hereby adjusted to reflect the proper No Fault rate of $315.10," but found that there was a triable issue of fact with respect to the medical necessity of the services billed for. This adjustment reflects a reduction of the claims underlying the fifth and sixth causes of action from $66.10 to $32.57; the fourth cause of action was not affected. 
Plaintiff argues that the Civil Court should not have granted the branches of defendant's cross motion seeking summary judgment dismissing the first through third causes of action, and, in effect, that the court should not have reduced the amount recoverable upon the fifth and sixth causes of action, because defendant did not demonstrate that plaintiff had not billed in accordance with the fee schedule. Plaintiff also argues that its motion for summary judgment should have been granted. 
For the claims underlying the first through third, fifth and sixth causes of action, defendant demonstrated that it had changed CPT code 97799 to CPT code 97140 and reduced the amount due in accordance with that change. (It is noted that plaintiff did not bill under CPT code 97799 on the claim form underlying the fourth cause of action.) For the claims underlying the [*2]first through third causes of action, defendant applied Ground Rule 11, which states, "When multiple physical medicine procedures and/or modalities are performed on the same day, reimbursement is limited to 8.0 units or the amount billed, whichever is less." 
Contrary to plaintiff's argument, defendant's submissions were sufficient to demonstrate, prima facie, that it had properly applied CPT code 97140 to the services that had been billed under CPT code 97799, and plaintiff failed to raise a triable issue of fact with respect to the coding. However, plaintiff correctly argues that defendant did not demonstrate that Ground Rule 11 was appropriately applied to the services underlying the first through third causes of action.
Thus, the branches of defendant's cross motion seeking summary judgment dismissing the first through third causes of action should have been denied. The Civil Court properly reduced the amounts recoverable under the fifth and sixth causes of action, and plaintiff's arguments on appeal with respect to defendant's cross motion are not relevant to the fourth cause of action. 
Contrary to plaintiff's final contention, it failed to demonstrate its prima facie entitlement to summary judgment, as the affidavit plaintiff submitted in support of its motion failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denials of claim that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the first through third causes of action are denied. 
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: September 19, 2016