New Capital Supply, Inc., as Assignee of ANA CORREA, Respondent, -
against
Chubb Ins. Co., Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered August 1, 2014. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint and granted the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon a claim for $591.10. So much of the appeal as is from the portion of the order which granted the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon the claim for $591.10 and denied the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon that claim is deemed to be an appeal from a judgment of the same court entered November 20, 2014 awarding plaintiff the principal sum of $591.10 (see CPLR 5512 [a]).




ORDERED that the judgment is reversed, without costs, so much of the order entered August 1, 2014 as granted the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon the claim for $591.10 is vacated and that branch of plaintiff's motion is denied; and it is further,
ORDERED that the order, insofar as reviewed on direct appeal, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits on three claims, defendant moved for summary judgment dismissing the complaint on the ground of lack of medical necessity, based on two peer review reports. Plaintiff opposed the motion and separately moved for summary judgment. Defendant appeals, as limited by its brief, from so much an order of the Civil Court entered August 1, 2014 as denied defendant's motion and granted the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon a claim for $591.10. So much of the appeal as is from the portion of the order which granted the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon the claim for $591.10 and denied the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover upon that claim is deemed to be an appeal from a judgment of the same court entered November 20, 2014 awarding plaintiff the principal sum of $591.10 (see CPLR 5512 [a]). 
Defendant correctly argues that plaintiff failed to make a prima facie showing of its entitlement to summary judgment on so much of the complaint as sought to recover upon the claim for $591.10, as the papers submitted by plaintiff in support of its motion failed to establish that the claim was not timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that the denial was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
We further find that neither of the peer review reports submitted by defendant sufficiently set forth a factual basis or medical rationale establishing that the supplies at issue were not [*2]medically necessary. Therefore, there is an issue of fact as to the medical necessity of the supplies underlying all three claims at issue, and, thus, defendant is not entitled to summary judgment on any claim.
Accordingly, the judgment is reversed, so much of the order entered August 1, 2014 as granted the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover upon the claim for $591.10 is vacated and that branch of plaintiff's motion is denied. The order, insofar as reviewed on direct appeal, is affirmed.
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: November 15, 2016