Healthway Medical Care, P.C., as Assignee of Eusebia Arias, Appellant, 
against
Infinity Group, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered February 5, 2015. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that, upon the application of Pennsylvania law, there was a lack of coverage due to the rescission, ab initio, of the automobile insurance policy at issue. By order entered February 5, 2015, the Civil Court denied plaintiff's motion and granted defendant's cross motion. We note that no issue is raised on appeal regarding the applicability of Pennsylvania law.
Pennsylvania law gives an insurer a common law right to rescind a policy of automobile insurance (see Erie Ins. Exch. v Lake, 543 Pa 363, 375, 671 A2d 681, 687 [1996]; Klopp v Keystone Ins. Cos., 528 Pa 1, 595 A2d 1 [1991]). The Pennsylvania Supreme Court has held, however, that while an automobile insurance policy may be retroactively rescinded as to an insured who has made a misrepresentation material to the acceptance of risk by the insurer, the policy may not be retroactively rescinded with respect to third parties "who are innocent of trickery, and injured through no fault of their own" (see Erie Ins. Exch. v Lake, 543 Pa at 375, 671 A2d at 687). 
Although defendant's cross motion papers set forth facts demonstrating that its insured had made misrepresentations on his insurance application and, based on these facts, defendant had rescinded the insurance policy, ab initio, in accordance with Pennsylvania law, defendant's submissions did not conclusively establish that plaintiff's assignor (a passenger in the vehicle) was anything other than an innocent third party. Consequently, defendant's cross motion failed to establish, prima facie, that the insurance policy was retroactively rescinded as to plaintiff's assignor and, thus, that defendant was entitled to summary judgment dismissing the complaint as a matter of law.
Plaintiff's moving papers failed to establish either that defendant had failed to deny the [*2]claim within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33, 35 [2013]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v. Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v. Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, plaintiff failed to establish its prima facie entitlement to summary judgment.
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
Aliotta, J.P., Pesce and Solomon, JJ., concur.
Decision Date: December 07, 2016