Maiga Products Corp., as Assignee of SHELLA VERNE, Respondent, 
against
Unitrin Auto and Home Insurance Company, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered August 22, 2014. The judgment entered pursuant to an order of the same court dated July 2, 2014 granting plaintiff's motion for summary judgment and denying defendant's cross motion for summary judgment dismissing the complaint, awarded plaintiff the principal sum of $549.18.




ORDERED that the judgment is reversed, without costs, so much of the order dated July 2, 2014 as granted plaintiff's motion for summary judgment is vacated, and plaintiff's motion is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground, among others, that the assignor's failure to appear for examinations under oath (EUOs) violated a condition precedent to coverage, which provided defendant with a basis for its founded belief that the underlying accident was not a covered event. In the alternative, defendant's cross motion sought a stay of the action pending the determination of a Supreme Court declaratory judgment action involving the same accident, medical provider and assignor. By order dated July 2, 2014, the Civil Court granted plaintiff's motion, and denied defendant's cross motion on the ground that defendant had failed to demonstrate that the assignor had failed to appear at two scheduled EUOs. A judgment was subsequently entered in plaintiff's favor on August 22, 2014, from which defendant appeals.
Upon a review of the record, we find that plaintiff's moving papers failed to establish either that defendant had failed to deny the claim within the requisite 30-day period or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, plaintiff failed to establish its prima facie case.
In papers submitted in support of defendant's cross motion, it was alleged that defendant had requested that the assignor appear for scheduled EUOs and that, although several EUOs had been rescheduled at the request of the assignor's attorney, the assignor had ultimately failed to appear at the EUO scheduled on August 28, 2012, which EUO had not been rescheduled. [*2]Defendant's papers further stated that defendant had subsequently mailed a denial of claim form to plaintiff which denied plaintiff's claim on the ground that its assignor had failed to appear at EUOs. Inasmuch as defendant's papers did not establish that plaintiff's assignor had failed to appear for two duly scheduled EUOs, the Civil Court correctly found that defendant had failed to establish its entitlement to summary judgment dismissing the complaint (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; Vladenn Med. Supply Corp. v State Farm Mut. Auto. Ins. Co., 52 Misc 3d 129[A], 2016 NY Slip Op 50928[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
We pass on no other issue.
Accordingly, the judgment is reversed, so much of the order dated July 2, 2014 as granted plaintiff's motion for summary judgment is vacated, and plaintiff's motion is denied.
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: January 20, 2017