Maiga Products Corp., as Assignee of Lopcy, Rene Jr., Appellant, 
against
United Services Automobile Association, Respondent.




The Rybak Firm, PLLC, (Damin J. Toell, Esq.), for appellant.
McDonnell & Adels, P.C., (Stephanie A. Tebbett, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered July 2, 2014. The order, insofar as appealed from, denied plaintiff's motion for summary judgment and granted the branch of defendant's cross motion seeking to compel disclosure.




ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved to dismiss the complaint pursuant to CPLR 3126 or, in the alternative, to compel disclosure. Defendant demonstrated that it had served discovery demands in September of 2013 and that, nearly a year later, plaintiff had not served responses. The Civil Court denied plaintiff's motion and granted the branch of defendant's cross motion seeking to compel disclosure.
Contrary to plaintiff's argument on appeal, plaintiff failed to establish its prima facie entitlement to summary judgment, since the proof submitted by plaintiff failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v [*2]Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Furthermore, plaintiff failed to object to the discovery demands at issue within the time prescribed by CPLR 3122 (a) and CPLR 3133 (a). Thus, plaintiff is obligated to produce the information sought by defendant except as to matters which are palpably improper or privileged (see Fausto v City of New York, 17 AD3d 520 [2005]; Marino v County of Nassau, 16 AD3d 628 [2005]; AVA Acupuncture, P.C. v AutoOne Ins. Co., 28 Misc 3d 134[A], 2010 NY Slip Op 51350[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Plaintiff has failed to establish that the discovery demands served by defendant seek information which is palpably improper or privileged.
Accordingly, the order, insofar as appealed from, is affirmed. 
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: September 08, 2017