K.O. Medical, P.C., as Assignee of Davidson Shardae, Appellant, 
against
ELRAC, Inc. d/b/a Enterprise Rent-A-Car, Respondent.




Law Offices of Melissa Betancourt (Melissa Betancourt, Esq.), for appellant.
Brand, Glick & Brand, P.C. (Jason Bertuna, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered July 8, 2014. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that defendant's motion for summary judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint upon the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs), and denied plaintiff's cross motion for summary judgment.
While defendant submitted affidavits from the chiropractor and acupuncturist who had been scheduled to perform the IMEs, plaintiff correctly argues on appeal that the affiants did not establish that they possessed personal knowledge of the nonappearance of plaintiff's assignor. [*2]Therefore, defendant failed to establish its entitlement, as a matter of law, to judgment dismissing the complaint on the ground proffered in its moving papers (see Bright Med. Supply Co. v IDS Prop. & Cas. Ins. Co., 40 Misc 3d 130[A], 2013 NY Slip Op 51123[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Safeco Natl. Ins. Co., 39 Misc 3d 130[A], 2013 NY Slip Op 50458[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). 
However, plaintiff's cross motion for summary judgment was properly denied, as plaintiff did not establish, as a matter of law, that defendant's denial of claim forms were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v. Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v. Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). In any event, defendant's affidavits were sufficient to raise triable issues of fact.
Accordingly, the order is modified by providing that defendant's motion for summary judgment is denied. 
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: September 08, 2017