Compas Medical, P.C., as Assignee of Yusuff, Aramide, Appellant, 
against
21st Century Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Offices of Bryan M. Rothenberg (Maryana Feigen, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Cheree A. Buggs, J.), entered April 2, 2014. The order, insofar as appealed from, denied plaintiff's motion for summary judgment and granted the branches of defendant's cross motion seeking summary judgment dismissing the first, fourth and fifth causes of action.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing the fourth cause of action is denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that defendant had fully paid plaintiff for the services underlying the first, fourth and fifth causes of action in accordance with the workers' compensation fee schedule, and that it had not received the claims underlying the remaining causes of action. Plaintiff appeals from so much of an order of the Civil Court as denied plaintiff's motion and granted the branches of defendant's cross motion seeking summary judgment dismissing the first, fourth and fifth causes of action.
Plaintiff correctly argues that defendant failed to establish that its denial of the claim underlying the fourth cause of action was timely (see 11 NYCRR 65-3.8 [a] [1]) and that, therefore, its fee schedule defense as to that claim is not precluded (see Great Wall Acupuncture, [*2]P.C. v GEICO Ins. Co., 25 Misc 3d 137[A], 2009 NY Slip Op 52308[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Consequently, the branch of defendant's cross motion seeking summary judgment dismissing this cause of action is denied. However, plaintiff failed to demonstrate its entitlement to summary judgment on this claim, as the proof submitted by plaintiff did not establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Contrary to plaintiff's further argument, defendant's proof was sufficient to demonstrate, prima facie, that defendant had fully paid for the services charged under code 64550 of the workers' compensation fee schedule (see Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Plaintiff failed to rebut that showing. Consequently, we do not disturb so much of the order as granted the branches of defendant's cross motion seeking summary judgment dismissing the first and fifth causes of action.
As to the remaining causes of action, we find, contrary to plaintiff's argument, that there is a triable issue of fact as to whether defendant received the claims underlying those causes of action.
We note that plaintiff's claim that one of defendant's affidavits was not signed or notarized is contradicted by the record.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing the fourth cause of action is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 22, 2017