Bronx Acupuncture Therapy, P.C., as Assignee of Dulce Baez, Appellant,
against
Hereford Ins. Co., Respondent.




Gary Tsirelman, P.C. (Stefan Belinfanti, Esq.), for appellant.
Law Offices of Lawrence R. Miles (Thomas Wolf, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered July 18, 2014. The order, insofar as appealed from as limited by the brief, granted the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 97039 and denied the branch of plaintiff's cross motion seeking summary judgment on that portion of the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 97039 is denied and the branch of plaintiff's cross motion seeking summary judgment on that part of the complaint is granted, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of attorney's fees. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment. By order entered July 18, 2014, the Civil Court granted defendant's motion and denied plaintiff's cross motion, finding that defendant had properly paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule. Plaintiff appeals, as limited by its brief, from so much of the order as granted the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 97039 and denied the branch of plaintiff's cross motion seeking summary judgment on that portion of the complaint.
It is undisputed that defendant denied plaintiff's claim for services billed under CPT code 97039 in its entirety. Because the workers' compensation fee schedule has assigned a "By Report" designation for that CPT code, a provider billing under that CPT code is required to furnish certain additional documentation to enable the insurer to determine the appropriate amount of reimbursement. Plaintiff properly argues that where, as here, a provider does not [*2]provide such documentation with its claim form, and the insurer will not pay the claim as submitted, 11 NYCRR 65-3.5 (b) requires the insurer to, within 15 business days of its receipt of the claim form, request "any additional verification required by the insurer to establish proof of claim" (see Bronx Acupuncture Therapy, P.C. v Hereford Ins. Co., 54 Misc 3d 135[A], 2017 NY Slip Op 50101[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). 
The record demonstrates that defendant received the claim form and that, with respect to the services at issue, its denial of the claim was based upon a failure to provide documentation. Plaintiff correctly argues that, because defendant never requested such documentation, defendant's denial of claim form is without merit as a matter of law. Consequently, the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 97039 should have been denied and the branch of plaintiff's cross motion seeking summary judgment on that portion of the complaint should have been granted (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Accordingly, the order, insofar as appealed from, is reversed, the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 97039 is denied and the branch of plaintiff's cross motion seeking summary judgment on that portion of the complaint is granted, and the matter is remitted to the Civil Court for the calculation of statutory interest and an assessment of attorney's fees, pursuant to Insurance Law § 5106 and the regulations promulgated thereunder.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 27, 2017