Acupuncture Approach, P.C., as Assignee of Carlos Hernandez, Appellant,
against
NY Central Mutual Fire Ins. Co., Respondent.




Gary Tsirelman, P.C. (Darya Klein, Esq.), for appellant.
Nightingale Law, P.C. (Michael S. Nightingale, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Ingrid Joseph, J.), entered August 4, 2014. The order, insofar as appealed from, granted the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on claims (1) in the sums of $3,495, $2,695 and $1,965, and (2) in the sums of $2,550 and $1,900, to the extent of reducing the amount in controversy on those two claims to a total of $647.53, and denied plaintiff's cross motion for summary judgment.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on claims for $3,495, $2,695 and $1,965 are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs. 
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing so much of the complaint as sought to recover on claims in the sums of $3,495, $2,695 and $1,965, alleging that it had timely paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule, and for summary judgment dismissing so much of the complaint as sought to recover on claims in the sums of $2,550 and $1,900 on the ground that the services at issue lacked medical necessity. Defendant also argued that, in the event the Civil Court determined that the services underlying the claims for $2,550 and $1,900 were medically necessary, those claims should be reduced in accordance with the workers' compensation fee schedule. Plaintiff cross-moved for summary judgment. By order entered August 4, 2014, the Civil Court granted the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on claims in the sums of $3,495, $2,695 and $1,965. With regard to the other two claims, the court found that there was a triable issue of fact as to the medical necessity of the services at issue, but reduced the amount in controversy on those two claims to a total of $647.53. Plaintiff's cross motion for summary judgment was denied. Plaintiff appeals.
Plaintiff correctly argues that defendant did not demonstrate, as a matter of law, that defendant had timely denied the claims for $3,495, $2,695 and $1,965 (see Points of Health Acupuncture, P.C. v Lancer Ins. Co., 28 Misc 3d 133[A], 2010 NY Slip Op 51338[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). As defendant did not demonstrate that it is not precluded from asserting its proffered defense that the amounts plaintiff sought to recover were in excess of the workers' compensation fee schedule, defendant is not entitled to summary judgment dismissing so much of the complaint as sought to recover those sums.
Plaintiff's arguments with respect to the reduction of the amount in controversy on the remainder of the complaint are without merit.
Furthermore, contrary to its contention, plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the affidavit plaintiff submitted in support of its motion failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued timely denials of claim that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on claims for $3,495, $2,695 and $1,965 are denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 27, 2017