Adelaida M. Laga, PT, as Assignee of Bottex, Edmonde, Appellant, 
against
GEICO Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
The Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered August 4, 2014. The order, insofar as appealed from, denied the branches of plaintiff's motion seeking summary judgment on the first, second and fourth causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the first, second and fourth causes of action are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order of the Civil Court as denied the branches of plaintiff's motion seeking summary judgment on the first, second and fourth causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action.
Plaintiff correctly argues on appeal that defendant failed to establish, as a matter of law, its defense that the fees charged with respect to the services underlying the causes of action at issue exceeded the amounts set forth in the workers' compensation fee schedule therefor (see Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Defendant failed to demonstrate that it had used the correct conversion factor in calculating the reimbursement rate, or that it had appropriately applied Ground Rule 11. Consequently, the branches of defendant's cross motion seeking summary judgment dismissing those causes of action should have been denied. However, contrary to plaintiff's final contention, plaintiff failed to demonstrate its prima facie entitlement to summary judgment with respect to those causes of action, as the affidavit plaintiff submitted in support of its motion failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued timely denials of claim that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the first, second and fourth causes of action are denied. 
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 08, 2017