Acuhealth Acupuncture, P.C., as Assignee of Nicola Thierens, Appellant, 
against
Hereford Ins. Co., Respondent.




Gary Tsirelman, P.C. (Douglas Mace, Esq.), for appellant.
Law Office of Lawrence R. Miles (Thomas Wolf, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered January 28, 2015. The order, insofar as appealed from as limited by the brief, granted the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 97039 and denied the branch of plaintiff's cross motion seeking summary judgment on so much of the complaint as sought to recover for those services.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 97039 is denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint, arguing that it had fully paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule. Plaintiff cross-moved for summary judgment. The Civil Court granted defendant's motion in its entirety and denied plaintiff's cross motion. As limited by its brief, plaintiff appeals from so much of the Civil Court's order as granted the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code [*2]97039 and denied the branch of plaintiff's cross motion seeking summary judgment on so much of the complaint as sought to recover for those services.
It is undisputed that defendant denied plaintiff's claim for services billed under CPT code 97039 in its entirety. The workers' compensation fee schedule does not assign a relative value to
this code, but instead has assigned it a "By Report" designation, which requires a provider to furnish certain additional documentation to enable the insurer to determine the appropriate amount of reimbursement. Defendant's denial is based upon plaintiff's failure to provide such documentation with its claim form. However, as defendant failed to demonstrate upon its motion that it had requested any additional verification from plaintiff seeking the information it required in order to review plaintiff's claims for services billed under CPT code 97039, defendant was not entitled to summary judgment dismissing so much of the complaint as sought to recover for services rendered under that code (see Gaba Med., P.C. v Progressive Specialty Ins. Co., 36 Misc 3d 139[A], 2012 NY Slip Op 51448[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; see generally Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
As plaintiff failed to demonstrate that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), plaintiff failed to establish its prima facie entitlement to judgment as a matter of law with respect to that claim. Consequently, the branch of plaintiff's cross motion seeking summary judgment upon that claim was properly denied.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 97039 is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 22, 2017