Ksenia Pavlova, D.O., as Assignee of Cosby Reavis, Appellant, 
against
Allstate Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Offices of Peter C. Merani, P.C. (Eric M. Wahrburg of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Devin P. Cohen, J.), entered April 14, 2016. The order, insofar as appealed from, denied plaintiff's motion for summary judgment and granted the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 20999 on the ground that plaintiff was not entitled to be paid for those services pursuant to the workers' compensation fee schedule.




ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 20999 on the ground that plaintiff was not entitled to be paid for those services pursuant to the workers' compensation fee schedule is denied; as so modified, the order, insofar as appealed from, is affirmed, without costs, and the matter is remitted to the Civil Court for a determination of the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 20999 on the ground that those services lacked medical necessity.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on several grounds, including lack of medical necessity and that plaintiff was not entitled to be paid for the services billed under CPT code 20999 pursuant to the workers' [*2]compensation fee schedule. Insofar as appealed from, the Civil Court's order denied plaintiff's motion for summary judgment and granted the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 20999 on the latter ground.
It is undisputed that defendant denied plaintiff's claim for services billed under CPT code 20999 in its entirety. Because the workers' compensation fee schedule has assigned a "By Report" designation for that CPT code, a provider billing under that CPT code is required to furnish, upon request, certain additional documentation to enable the insurer to determine the appropriate amount of reimbursement. Plaintiff properly argues that where, as here, a provider does not provide such documentation with its claim form, and the insurer decides not to pay the claim as submitted, 11 NYCRR 65-3.5 (b) requires the insurer to request "any additional verification required by the insurer to establish proof of claim" within 15 business days of its receipt of the claim form (see Bronx Acupuncture Therapy, P.C. v Hereford Ins. Co., 54 Misc 3d 135[A], 2017 NY Slip Op 50101[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Thus, defendant's denial of payment of the services billed under CPT code 20999 on the ground that plaintiff had failed to provide sufficient documentation, even though defendant had not demonstrated that it had requested any such documentation, is without merit, and the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under that CPT code on that ground should have been denied. As the Civil Court did not address the merits of defendant's lack of medical necessity defense with respect to the services billed under CPT code 20999, the matter is remitted to the Civil Court for a determination of that branch of defendant's cross motion.
As plaintiff failed to demonstrate that its claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. Consequently, plaintiff's motion for summary judgment was properly denied.
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 20999 on the ground that plaintiff was not entitled to be paid for those services pursuant to the workers' compensation fee schedule is denied, and the matter is remitted to the Civil Court for a determination of the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover for services billed under CPT code 20999 on the ground that those services lacked medical necessity.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 09, 2018