American Chiropractic Care, P.C., as Assignee of Tyrell E. Crenshaw, Respondent,
against
Hereford Insurance Company, Appellant. 




Goldberg Miller & Rubin (Ruth Nazarian and Harlan Schreiber of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov and Victoria Tarasova of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Andrew Borrok, J.), entered September 19, 2017, deemed from a judgment of that court entered December 1, 2017 (see CPLR 5501 [c]). The judgment, entered pursuant to the September 19, 2017 order denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's cross motion for summary judgment, awarded plaintiff the principal sum of $1,800.




ORDERED that the judgment is reversed, without costs, so much of the order as granted plaintiff's cross motion for summary judgment is vacated and plaintiff's cross motion for summary judgment is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs), and plaintiff cross-moved for summary judgment. By order entered September 19, 2017, the Civil Court denied defendant's motion and granted plaintiff's cross motion. A judgment was subsequently entered on December 1, 2017, from which the appeal is deemed to have been taken (see CPLR 5501 [c]).
The Civil Court properly found that defendant's moving papers failed to establish, as a matter of law, that the first IME scheduling letter sent to plaintiff's assignor had been timely, as the record indicates that it was mailed more than 30 days after defendant had received the claims at issue (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, as defendant failed to demonstrate its entitlement to summary judgment based upon plaintiff's failure to comply with a condition [*2]precedent to coverage (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]), defendant's motion for summary judgment dismissing the complaint was properly denied.
Plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, as the proof submitted in support of its cross motion failed to establish either that the claims at issue had not been timely denied or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Accordingly, the judgment is reversed, so much of the order as granted plaintiff's cross motion for summary judgment is vacated and plaintiff's cross motion for summary judgment is denied.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 16, 2019