Longevity Medical Supply, Inc., as Assignee of Marie Vil, Respondent, 
against
Global Liberty Insurance Company, Appellant. 




Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum and Shaaker Bhuiyan of counsel), for appellant.
Law Office of Melissa Betancourt, P.C. (Melissa Betancourt and David Steigbigel of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered March 2, 2018. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment.




ORDERED that so much of the appeal as is from the portion of the order that denied defendant's motion for summary judgment dismissing the complaint is dismissed as academic in light of this court's determination of the remainder of the appeal; and it is further,
ORDERED that the order, insofar as reviewed, is reversed, with $30 costs, plaintiff's cross motion for summary judgment is denied, and summary judgment dismissing the complaint is awarded to defendant pursuant to CPLR 3212 (b), in accordance with the decision herein.
Plaintiff commenced this action to recover assigned first-party no-fault benefits for supplies provided to its assignor, who had purportedly been injured in a motor vehicle accident on March 9, 2015. Thereafter, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for scheduled examinations under oath and independent [*2]medical examinations, and plaintiff cross-moved for summary judgment. By order entered March 2, 2018, the Civil Court denied defendant's motion and granted plaintiff's cross motion.
Defendant correctly argues that plaintiff's cross motion for summary judgment should have been denied, as the proof submitted by plaintiff failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Thus, the portion of the order which granted plaintiff's cross motion for summary judgment must be reversed and plaintiff's cross motion denied.
Ordinarily, a reversal of this portion of the Civil Court's order, standing alone, would result in the matter being remitted to the Civil Court for all further proceedings. However, on appeal, defendant argues that the complaint should be dismissed based upon a Supreme Court, Bronx County, declaratory judgment action against plaintiff and plaintiff's assignor, among others, seeking a declaration that the defendants therein are not entitled to no-fault coverage for the March 9, 2015 accident. For the reasons stated in K.O. Med., P.C. v Mercury Cas. Co. (57 Misc 3d 155[A], 2017 NY Slip Op 51614[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]), in the interest of judicial economy, we take judicial notice of the judgment in that action which declares that plaintiff and its assignor "are not entitled to no-fault benefits as a result of a motor vehicle accident that occurred on 03/09/15" and that "any and all arbitrations or matters in a court of competent jurisdiction involving any of the Defendants as Assignee of Marie Vil . . . regarding a motor vehicle accident that occurred on 03/09/15, are permanently stayed and dismissed." Upon taking such judicial notice, we award defendant summary judgment dismissing the complaint pursuant to CPLR 3212 (b) and dismiss as academic so much of the appeal as is from the portion of the Civil Court's order that denied defendant's motion for summary judgment (see id.; see also Maiga Prods. Corp. v Hertz Co., 61 Misc 3d 132[A], 2018 NY Slip Op 51448[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 8, 2020