First Care Med. Equip., LLC v Kemper Ins. Co. (2020 NY Slip Op
51326(U))

[*1]

First Care Med. Equip., LLC v Kemper Ins. Co.

2020 NY Slip Op 51326(U) [69 Misc 3d 139(A)]

Decided on November 6, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 6, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-1628 K C

First Care Medical Equipment, LLC, as
Assignee of Perez, Vanessa, Respondent, 
against
Kemper Insurance Company, Appellant. 

Goldber, Miller & Rubin, P.C. (Timothy Bishop of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Joy F.
Campanelli, J.), entered April 23, 2018. The judgment, insofar as appealed from as limited by the
brief, entered pursuant to so much of an order of that court entered February 9, 2018 as granted
the branch of plaintiff's motion seeking summary judgment upon the first cause of action,
awarded plaintiff the principal sum of $2,523.37 upon the first cause of action.

ORDERED that the judgment, insofar as appealed from, is reversed, with $30 costs, so much
of the order entered February 9, 2018 as granted the branch of plaintiff's motion seeking
summary judgment upon the first cause of action is vacated, and that branch of plaintiff's motion
is denied.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals, as limited by its brief, from so much of a judgment of the Civil Court entered April 23,
2018 as awarded plaintiff the principal sum of $2,523.37 upon the first cause of action, entered
pursuant to so much of an order entered February 9, 2018 as granted the branch of plaintiff's
motion seeking summary judgment upon that cause of action.
Plaintiff failed to establish its prima facie entitlement to summary judgment upon the first
cause of action, since plaintiff did not establish either that defendant failed to timely deny the
claim at issue (see Viviane Etienne Med.
Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant issued a
timely denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip [*2]Op 51292[U] [App Term, 2d Dept, 2d, 11th &
13th Jud Dists 2011]). In any event, in opposition to the branch of plaintiff's motion seeking
summary judgment upon the first cause of action, defendant established the existence of a triable
issue of fact as to whether the supplies allegedly furnished by plaintiff were medically necessary.
We note that the non-substantive technical defect on the denial of claim form regarding the date
the requested verification was received did not affect the validity of the denial of claim form
(see 11 NYCRR 65-3.8 [h]). Therefore, the branch of plaintiff's motion seeking summary
judgment upon the first cause of action should have been denied.
Accordingly, the judgment, insofar as appealed from, is reversed, so much of the order
entered February 9, 2018 as granted the branch of plaintiff's motion seeking summary judgment
upon the first cause of action is vacated, and that branch of plaintiff's motion is denied.
ALIOTTA, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 6, 2020