Compas Medical, P.C., as Assignee of Chery, Carine, Appellant, 
against
American Transit Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered June 13, 2014. The order, insofar as appealed from and as limited by the brief, denied the branches of plaintiff's motion seeking summary judgment on the second through seventh causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing the third through seventh causes of action.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the third through seventh causes of action are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Insofar as is relevant to this appeal, the Civil Court denied the branches of plaintiff's motion seeking summary judgment on the second through seventh causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing the third through seventh causes of action.
Contrary to plaintiff's contention, the Civil Court correctly determined that there are triable issues of fact with respect to the second cause of action. With respect to the third through fifth causes of action, defendant made a prima facie showing that it had not received the [*2]requested verification, but plaintiff correctly argues that the affidavit it submitted in opposition to defendant's motion was sufficient to give rise to a presumption that the requested verification had been mailed to, and received by, defendant (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). In light of the foregoing, there is a triable issue of fact as to whether these causes of action are premature (see Compas Med., P.C. v Praetorian Ins. Co., 49 Misc 3d 152[A], 2015 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). 
With respect to the sixth and seventh causes of action, plaintiff correctly argues that defendant did not demonstrate, as a matter of law, that it had fully paid plaintiff for the services at issue in accordance with the workers' compensation fee schedule. However, plaintiff failed to establish its prima facie entitlement to summary judgment on these causes of action, since the proof submitted by plaintiff failed to establish that the claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms with respect thereto that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the third through seventh causes of action are denied. 
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 22, 2017