Chapa Products Corp., as Assignee of Candida Vargas, Appellant, 
against
Nationwide Ins., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq. ), for appellant.
Gialleonardo, McDonald & Turchetti (Mickei Milton, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered September 12, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint based upon plaintiff's failure to appear for duly scheduled examinations under oath (EUOs).
Plaintiff correctly argues on appeal that the proof submitted by defendant in support of its cross motion was not sufficient to demonstrate proper mailing of the EUO scheduling letters (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). We note that, on appeal, defendant argues that an affidavit by a legal secretary of the law firm which scheduled the EUOs attested to the mailing of the scheduling letters. However, as plaintiff states in its brief, no such affidavit is attached to defendant's cross motion, either as Exhibit D, as stated on appeal, or as Exhibit E, as was listed in defendant's cross motion.
However, contrary to plaintiff's further contention, plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the proof submitted by plaintiff failed to establish that the claim forms at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v [*2]Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 27, 2017