Wellness Plaza Acupuncture, P.C., as Assignee of Boris Kapustyansky, Respondent,
against
Erie Insurance, Appellant.




Robyn M. Brilliant, P.C. (Robyn M. Brilliant, Esq.), for appellant.
Anna Rusanov, P.C. (Anna Rusanov, Esq.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Reginald A. Boddie, J.), entered September 11, 2014. The order granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that plaintiff's motion for summary judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court which granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.
Defendant correctly argues that plaintiff failed to demonstrate its prima facie entitlement to summary judgment, as the affidavit plaintiff submitted in support of its motion failed to establish that the claim at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. [*2]v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, plaintiff's motion for summary judgment should have been denied.
However, the affidavits submitted by defendant did not sufficiently set forth a standard office practice or procedure that would ensure that the denial of claim forms had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Thus, defendant did not demonstrate its entitlement to summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for examinations under oath.
Accordingly, the order is modified by providing that plaintiff's motion for summary
judgment is denied. 
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 08, 2017