Charles Deng Acupuncture, P.C., as Assignee of Lamy, Aubnerd, Appellant,
against
Allstate Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Peter C. Merani, P.C. (Eric M. Wahrburg, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered July 30, 2014. The order, insofar as appealed from, denied the branches of plaintiff's motion seeking summary judgment on the first through third causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the first through third causes of action are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Insofar as is relevant to this appeal, the Civil Court denied the branches of plaintiff's motion seeking summary judgment on the first through third causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action.
Plaintiff correctly argues on appeal that the affidavit submitted by defendant did not sufficiently set forth a standard office practice or procedure that would ensure that the denial of claim forms had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As defendant did not demonstrate that it is not precluded from asserting its proffered defense that the amounts plaintiff sought to recover were in excess of the workers' compensation fee schedule, defendant is not entitled to summary judgment dismissing the first three causes of action.
However, contrary to plaintiff's contention, it failed to demonstrate its prima facie entitlement to summary judgment, as the affidavit plaintiff submitted in support of its motion failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued timely denials of claim that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the first through third causes of action are denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 08, 2017