Sama Physical Therapy, P.C., as Assignee of Perdomo, Amaury, Appellant,
against
Global Liberty Insurance, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Office of Nancy Linden, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered December 10, 2014. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment, and granted defendant's cross motion which had sought summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs).
In support of its cross motion, defendant failed to establish that the initial and follow-up IME scheduling letters had been timely mailed (see St. Vincent's Hosp. of Richmond v [*2]Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As a result, defendant failed to demonstrate that the IMEs had been properly scheduled and, thus, that plaintiff's assignor had failed to appear at duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Consequently, defendant is not entitled to summary judgment dismissing the first and third through sixth causes of action.
However, contrary to plaintiff's contention, plaintiff failed to demonstrate its prima facie entitlement to summary judgment on those causes of action, as the affidavit plaintiff submitted in support of its motion failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued timely denials of claim that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
There is a triable issue of fact as to whether defendant received the claim form underlying the second cause of action (see Compas Med., P.C. v 21st Century Ins. Co., 47 Misc 3d 128[A], 2015 NY Slip Op 50388[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 08, 2017