Logic Chiropractic, P.C., as Assignee of Beltre Lora Santos, Appellant, 
against
Hereford Insurance Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Offices of Rubin & Nazarian (Lawrence R. Miles, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered July 21, 2014. The order, insofar as appealed from, denied the branches of plaintiff's motion seeking summary judgment on the third through sixth causes of action and, upon denying the branches of defendant's cross motion seeking summary judgment dismissing those causes of action, found, in effect pursuant to CPLR 3212 (g), that defendant had properly and timely mailed independent medical examination scheduling letters.




ORDERED that the order, insofar as appealed from, is modified by striking the findings, in effect pursuant to CPLR 3212 (g), that defendant had properly and timely mailed independent medical examination scheduling letters and that the sole issue for trial is whether the claimant failed to appear for scheduled independent medical examinations; as so modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor had failed to appear for duly scheduled independent medical examinations (IMEs). By order entered July 21, 2014, the Civil Court granted the branches of plaintiff's motion seeking summary judgment on the first and second causes of action, denied the branches of plaintiff's motion seeking summary judgment on the [*2]third through sixth causes of action and, upon denying the branches of defendant's cross motion seeking summary judgment dismissing the third through sixth causes of action, found, in effect pursuant CPLR 3212 (g), that plaintiff had established "timely and proper generating and mailing [of] its bills," that defendant had established timely and properly mailing of the IME scheduling letters and denials, and that the "sole issue for trial is whether the claimant failed to appear for the scheduled IMEs." Plaintiff appeals.
On appeal, plaintiff argues that the branches of defendant's cross motion seeking summary judgment dismissing the third through sixth causes of action should not have been granted and that plaintiff should be given a finding, pursuant to CPLR 3212 (g), that it established the submission of the relevant claim forms. This court need not consider those arguments, as the Civil Court did not grant any branch of defendant's cross motion and did make a finding, in effect pursuant to CPLR 3212 (g), that plaintiff had timely submitted the bills.
Plaintiff further argues that defendant's proof of mailing of the IME scheduling letters was insufficient to establish that they had been properly mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). Construing that argument to be a challenge to the court's finding, in effect pursuant to CPLR 3212 (g), that defendant had timely and properly mailed such letters, we agree that the discrepancy between the assignor's address as listed on the claim forms and on the assignment of benefits form, and the address to which the IME scheduling letters were allegedly sent, demonstrates that it cannot be said that it is "incontrovertible" and "established for all purposes in the action" (CPLR 3212 [g]) that the IME scheduling letters were properly mailed. Consequently, that finding and the finding that the sole issue for trial is whether the claimant appeared for the IMEs should be stricken. We note that plaintiff raises no challenge as to defendant's proof of mailing of the denials.
Contrary to plaintiff's argument, plaintiff failed to establish a prima facie showing of entitlement to summary judgment on the third through sixth causes of action, for the reason, among others, that plaintiff failed to establish that the claims underlying those causes of action had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]) or that defendant had issued timely denial of claims that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by striking the findings, in effect pursuant to CPLR 3212 (g), that defendant had properly and timely mailed the IME scheduling letters and that the sole issue for trial is whether the claimant failed to appear for scheduled independent medical examinations.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 15, 2017