Healthway Medical Care, P.C., as Assignee of Perdomo, Amaury, Appellant,
against
Global Liberty Insurance, Respondent.




The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.
Law Office of Jason Tenenbaum, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered February 5, 2015. The order, insofar as appealed from, denied the branches of plaintiff's motion seeking summary judgment on the third through tenth causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the third through tenth causes of action are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order as denied the branches of plaintiff's motion seeking summary judgment on the third through tenth causes of action and granted the branches of defendant's cross motion seeking summary judgment dismissing those causes of action.
With respect to the third cause of action, plaintiff correctly argues that defendant failed to establish its defense that the fees charged exceeded the amounts set forth in the workers' compensation fee schedule (see Rogy Med., P.C. v Mercury Cas. Co., 23 Misc 3d 132[A], 2009 NY Slip Op 50732[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Therefore, [*2]defendant is not entitled to summary judgment dismissing the third cause of action. 
With respect to the fourth through tenth causes of action, plaintiff correctly argues that defendant failed to establish that the initial and follow-up letters scheduling independent medical examinations (IMEs) had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As a result, defendant failed to demonstrate that the IMEs had been properly scheduled and, thus, that plaintiff's assignor had failed to appear at duly scheduled IMEs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720, 722 [2006]). Consequently, defendant is not entitled to summary judgment dismissing the fourth through tenth causes of action.
However, plaintiff is not entitled to summary judgment on these causes of action, as plaintiff failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denials of these claims that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the third through tenth causes of action are denied.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017