<partyblock>

Acupuncture Healthcare Plaza I, P.C., as Assignee of Bentov, Dan, Appellant,

against

Allstate Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell, Esq.), for appellant.

Sweetbaum & Sweetbaum, Esqs. (Marshall D. Sweetbaum, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Connor, J.), entered June 11, 2015. The order, insofar as appealed from, denied the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover the sum of $2,361.87 and granted the branch of defendant's cross motion seeking summary judgment dismissing that portion of the complaint.

ORDERED that the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover the sum of $2,361.87 is denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.

In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order of the Civil Court as denied the branch of its motion seeking summary judgment on so much of the complaint as sought to recover the sum of $2,361.87 and granted the branch of defendant's cross motion seeking summary judgment dismissing that portion of the complaint.

With respect to so much of defendant's cross motion as is at issue, plaintiff correctly argues on appeal that the affidavits submitted by defendant did not sufficiently set forth a standard office practice or procedure that would ensure that the denial of claim form had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As defendant did not demonstrate that it is not precluded from asserting its [*2]proffered defense
defendant is not entitled to summary judgment dismissing so much of the complaint as sought to recover the sum of $2,361.87.

However, contrary to plaintiff's contention, the affidavit plaintiff submitted in support of its motion failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denials of claim that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). As a result, the branch of plaintiff's motion seeking summary judgment on so much of the complaint as sought to recover the sum of $2,361.87 was properly denied.

Accordingly, the order, insofar as appealed from, is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover the sum of $2,361.87 is denied.

PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 22, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>