Arnica Acupuncture, P.C., as Assignee of Kistoo Christopher, Appellant, 
against
Allstate Insurance Company, Respondent.




Law Offices of Melissa Betancourt, P.C. (Melissa Betancourt, Sofya Petrukhin of counsel), for appellant.
Peter C. Merani, P.C. (Brian Kratenstein, Eric Wahrburg of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered January 7, 2015. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff seeks to recover upon a claim for $167.04 and upon the allegedly unpaid balance of its remaining claims. Defendant moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment. By order entered January 7, 2015, the Civil Court granted defendant's motion and denied plaintiff's cross motion. 
Plaintiff correctly argues that defendant's moving papers failed to establish, as a matter of law, that the denial of claim forms had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As a result, defendant did not demonstrate that it is not precluded from asserting its proffered defenses. Consequently, defendant is not entitled to summary judgment dismissing the complaint.
However, contrary to plaintiff's further contention, plaintiff failed to establish its prima facie entitlement to summary judgment on its cross motion, as plaintiff failed to establish either that defendant had failed to deny the claims within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denials of the claims that were conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., ALIOTTA and SIEGAL, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 23, 2018