Healthway Medical Care, P.C., as Assignee of Davis, Ebony, Appellant, 
against
American Commerce Insurance Company, Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman and Nathan Shapiro of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered August 21, 2015. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied plaintiff's motion for summary judgment, and granted defendant's cross motion for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs).
Plaintiff failed to make a prima facie showing of its entitlement to summary judgment, as plaintiff failed to establish that its claims had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, plaintiff's motion for summary judgment was properly denied. 
However, plaintiff correctly argues on appeal that defendant failed to demonstrate that it [*2]was entitled to summary judgment dismissing the complaint based on plaintiff's failure to appear for EUOs, as the initial EUO request had been sent more than 30 days after defendant had received the claims at issue and, therefore, the requests were nullities as to those claims (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, defendant's cross motion for summary judgment dismissing the complaint should have been denied. 
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 18, 2018