<partyblock>

GL Acupuncture, P.C., as Assignee of Hutchinson, Donna, Appellant,  

against

Allstate Insurance Company, Respondent.

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.

Robert P. Tusa, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Terrence C. O'Conner, J.), entered September 28, 2015. The order, insofar as appealed from, denied the branches of plaintiff's motion seeking summary judgment on the first, second and fourth through sixth causes of action and so much of the third cause of action as sought to recover the sum of $295.68, and granted the branches of defendant's cross motion seeking summary judgment dismissing the fourth through sixth causes of action and so much of the third cause of action as sought to recover the sum of $295.68.

ORDERED that the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the fourth through sixth causes of action and so much of the third cause of action as sought to recover the sum of $295.68 are denied; as so modified, the order, insofar as appealed from, is affirmed, without costs.

In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from so much of an order as denied the branches of plaintiff's motion seeking summary judgment on the first, second and fourth through sixth causes of action and so much of the third cause of action as sought to recover $295.68, and granted so much of defendant's cross motion as sought summary judgment dismissing the fourth through sixth causes of action and so much of the third cause of action as sought to recover the sum of $295.68.

Plaintiff correctly argues on appeal that the affidavits submitted by defendant did not sufficiently set forth a standard office practice or procedure that would ensure that the denial of claim forms had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]). As defendant did not demonstrate that it is not precluded from asserting its proffered defense (cf. 11 NYCRR 65-3.8 [g] [1] [ii])
defendant is not entitled to summary judgment dismissing the fourth through sixth causes of action and so much of the third cause of action as sought to recover the sum of $295.68.

However, contrary to plaintiff's contention, the affidavit plaintiff submitted in support of its motion failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). As a result, the branches of plaintiff's motion seeking summary judgment on the first, second and fourth through sixth causes of action and so much of the third cause of action as sought to recover the sum of $295.68 were properly denied.

Accordingly, the order, insofar as appealed from, is modified by providing that the branches of defendant's cross motion seeking summary judgment dismissing the fourth through sixth causes of action and so much of the third cause of action as sought to recover the sum of $295.68 are denied.

PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 01, 2018

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>