Acupuncture Now, P.C., as Assignee of Studwood, Latoya, Appellant, 
against
GEICO Ins. Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered April 8, 2016. The order granted the branch of defendant's cross motion seeking summary judgment dismissing the complaint on the ground of lack of coverage and implicitly denied plaintiff's motion for summary judgment.




ORDERED that the order is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing the complaint on the ground of lack of coverage is denied, and the matter is remitted to the Civil Court to determine the remaining branch of defendant's cross motion; as so modified, the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant opposed the motion and cross-moved for summary judgment dismissing the complaint on the ground of lack of coverage, in that defendant had cancelled the policy, for nonpayment of the premium, prior to the accident at issue. In the alternative, defendant, in effect, sought partial summary judgment dismissing so much of the complaint as sought to recover sums that were in excess of the amounts permitted by the workers' compensation fee schedule. By order entered April 8, 2016, the Civil Court granted the branch of defendant's cross motion seeking summary judgment dismissing the complaint on the ground of lack of coverage without addressing the remaining branch of the cross motion, and implicitly denied plaintiff's motion for summary judgment.
While defendant asserts that Virginia law applies to this case, as the insurance policy had been obtained in Virginia, and it insured a Virginia resident and vehicle, defendant failed to demonstrate that it had mailed its cancellation notice in accordance with its office practices and procedures (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) "by registered or certified mail," as required by the applicable statute (Va. Code Ann. § 38.2-2208 [A] [1] [a]). Consequently, the Civil Court should have denied the branch of defendant's cross motion seeking summary judgment dismissing the complaint on the ground that defendant had properly cancelled the policy and that there was, therefore, no coverage at the time of the accident at issue.
As the remaining branch of defendant's cross motion was not addressed by the Civil Court, we remit the matter to the Civil Court to determine that branch of defendant's cross motion.
With respect to plaintiff's motion for summary judgment, contrary to plaintiff's contention, plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, as the proof submitted in support of its motion failed to establish either that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denials that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Accordingly, the order is modified by providing that the branch of defendant's cross motion seeking summary judgment dismissing the complaint on the ground of lack of coverage is denied, and the matter is remitted to the Civil Court to determine the remaining branch of defendant's cross motion. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 06, 2018