Central Bronx, P.T., P.C., as Assignee of Ajoke Thomas, Respondent, 
against
Ameriprise Auto & Home, Appellant.




Bruno, Gerbino & Soriano, LLP (Nathan M. Shapiro of counsel), for appellant.
Law Office of Emilia I. Rutigliano, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered June 19, 2015. The order, insofar as appealed from, granted the branches of plaintiff's motion seeking summary judgment upon the first through seventh causes of action and denied the branches of defendant's cross motion seeking summary judgment dismissing the first through sixth causes of action.




ORDERED that the order, insofar as appealed from, is modified by providing that the branches of plaintiff's motion seeking summary judgment upon the sixth and seventh causes of action are denied, and the branch of defendant's cross motion seeking summary judgment dismissing the sixth cause of action is granted; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Defendant appeals from so much of an order of the Civil Court as granted the branches of plaintiff's motion seeking summary judgment upon the first through seventh causes of action and denied the branches of defendant's cross motion seeking summary judgment dismissing the first through sixth causes of action.
Defendant established that the examination under oath (EUO) scheduling letters and the denial of the claim form with respect to the sixth cause of action, which denied that claim on the ground that plaintiff had failed to appear on either of the scheduled dates, had been timely mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; 11 NYCRR 65-3.5 [b]). The affirmation of defendant's attorney, who was present in his office to conduct plaintiff's EUO on the scheduled dates, was sufficient to establish that plaintiff had failed to appear for the EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Plaintiff failed to raise an issue of fact in opposition to this branch of defendant's cross motion.
Inasmuch as defendant raises no issue on appeal with respect to plaintiff's establishment of its prima facie entitlement to summary judgment upon the first through fifth causes of action, we do not pass upon the propriety of the Civil Court's determination with respect thereto. However, contrary to defendant's contention, defendant did not establish its entitlement to summary judgment dismissing the first through fifth causes of action based on plaintiff's failure to appear for duly scheduled EUOs, as the record establishes that the first EUO scheduling letter sent to plaintiff had been sent more than 30 days after defendant had received plaintiff's claims underlying the first through fifth causes of action. As a result, the EUO scheduling letters were nullities as to those claims (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, defendant has failed to demonstrate any basis to disturb the order insofar as it granted the branches of plaintiff's motion seeking summary judgment upon the first through fifth causes of action.
With respect to the seventh cause of action, defendant correctly argues that plaintiff failed to establish its prima facie entitlement to summary judgment, as plaintiff's moving papers failed to establish either that defendant had not denied the claim underlying the seventh cause of action within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim form that was conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branches of plaintiff's motion seeking summary judgment upon the sixth and seventh causes of action are denied, and the branch of defendant's cross motion seeking summary judgment dismissing the sixth cause of action is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 09, 2018