Charles Deng Acupuncture, P.C., as Assignee of Greene, Beverly, Appellant,
against
Nationwide Ins., Respondent.




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
McDonald & Safranek (Paul Cohen of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), dated March 21, 2017. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs. 
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which denied its motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. On appeal, plaintiff contends that it established its entitlement to summary judgment as a matter of law and that defendant's cross motion should have been denied because, among other things, defendant failed to establish that the notice of the cancellation of the insurance policy had been mailed to the insured.
In support of its cross motion, defendant asserted that there was no coverage for the accident because the relevant Pennsylvania insurance policy had been cancelled prior to the [*2]accident. The supporting affidavit of defendant's underwriting analyst stated that the notice of cancellation had been issued and mailed to the assignor on July 9, 2009 "both VIA CERTIFIED MAIL and VIA U.S. MAIL" "in accordance with the business practices of this office," without setting forth any details of those practices. It is noted that defendant did submit proof as to defendant's mailing practices and procedures with respect to claims processing, but not as to the process involved where other correspondence, such as a notice of cancellation, is mailed. Consequently, defendant failed to establish, prima facie, that the notice of cancellation had been mailed to the insured in accordance with Pennsylvania law in order to effectuate the cancellation (see 31 Pa. Code § 61.5; Island Life Chiropractic, P.C. v Country Wide Ins. Co., 53 Misc 3d 131[A], 2016 NY Slip OP 51378[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Thus, defendant is not entitled to summary judgment dismissing the complaint on this basis.
We further find that plaintiff's moving papers failed to establish that defendant did not deny plaintiff's claim within the requisite 30-day period (see Vivianne Eitenne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v. Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v. Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, plaintiff failed to establish a prima facie case and, thus, its motion for summary judgment was properly denied. 
Accordingly, the order is modified by providing that defendant's cross motion for summary judgment dismissing the complaint is denied.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 26, 2019