K.O. Medical, P.C., as Assignee of Joachim Michael, Appellant, 
against
IDS Property Casualty Insurance Company, Respondent.




Law Office of Melissa Betancourt, P.C. (Melissa Betancourt of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP (Nathan Shapiro of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered August 18, 2016. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on claims for $348.80, $204.41, $148.69, and $91.42 are denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs) and denied plaintiff's cross motion for summary judgment.
Plaintiff correctly argues that the initial EUO scheduling letter sent to plaintiff had been sent more than 30 days after defendant had received the claims seeking $348.80, $204.41, $148.69, and $91.42. As a result, the request was a nullity as to those claims (see Neptune Med. [*2]Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), and defendant failed to establish its entitlement to summary judgment with respect to such claims. Thus, the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on claims for $348.80, $204.41, $148.69, and $91.42 should have been denied.
To the extent that plaintiff cross-moved for summary judgment on the claims seeking $348.80, $204.41, $148.69, and $91.42, plaintiff is not entitled to summary judgment upon these claims as plaintiff failed to establish its prima facie case since it did not establish that defendant had failed to deny such claims within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denials of the claims which were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Contrary to plaintiff's arguments, defendant established that it had timely mailed the initial and follow-up EUO scheduling letters and denial of claim forms for the remaining claims (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; see also 11 NYCRR 65-3.8 [l]), and that plaintiff failed to appear at an initial and follow-up EUO (see Stephen Fogel Psychological, P.C. v. Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Consequently, the Civil Court properly granted the branches of defendant's motion seeking summary judgment dismissing the remaining claims.
Accordingly, the order is modified by providing that the branches of defendant's motion seeking summary judgment dismissing so much of the complaint as sought to recover on claims for $348.80, $204.41, $148.69, and $91.42 are denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 03, 2019