Active Care Medical Supply Corp., as Assignee of Pierre, Miraclea, Appellant,
against
Titan Insurance Co., Respondent. 




The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Mccormack & Mattei, P.C. (Jamila Shukry and Erin O'Neill of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Joy F. Campanelli, J.), entered February 7, 2018. The order granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff lacked a license to distribute the medical supplies at issue, and implicitly denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff lacked a license to distribute the medical supplies at issue is denied; as so modified, the order is affirmed, without costs, and the matter is remitted to the Civil Court to determine the remaining branches of defendant's motion.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground, among others, that plaintiff lacked standing to bring the action because it did not possess a license to distribute the products at issue. Plaintiff opposed the motion and cross-moved for summary judgment. By order entered February 7, 2018, the Civil Court granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff lacked standing to bring the action, and implicitly denied plaintiff's cross motion. The court stated that defendant's licensing defense is not precludable and noted that, in two separate orders in a declaratory judgment action, the Supreme Court, Nassau County, had found that plaintiff herein lacked a license to distribute its products. The Civil Court did not reach the remaining branches of defendant's motion, which sought summary judgment dismissing the complaint on the grounds that plaintiff had failed to appear for duly scheduled examinations under oath and that the limits of the insurance policy had been exhausted. 
"The proponent of a summary judgment motion must make a prima facie showing of [*2]entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In an affidavit in support of the branch of defendant's motion seeking summary judgment on the ground that plaintiff lacked the required license to distribute the supplies at issue, defendant's medical investigator admitted that plaintiff had obtained a license with the New York City Department of Consumer Affairs on October 12, 2011, and the affidavit of defendant's claims specialist demonstrated that the supplies had been provided after that date. Thus, defendant's evidence was insufficient to demonstrate the absence of any material issues of fact (see id.) regarding plaintiff's licensing. Furthermore, to the extent that the Civil Court considered prior determinations by the Supreme Court, Nassau County, in the declaratory judgment action, as the Supreme Court's orders pertained to supplies that had been distributed before October 12, 2011, the Civil Court's reliance on the orders of the Supreme Court was misplaced, and the branch of defendant's motion based on plaintiff's alleged lack of a license should have been denied.
Contrary to plaintiff's assertion, plaintiff was not entitled to summary judgment, as the proof submitted by plaintiff failed to establish that the claims at issue had not been timely denied (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Accordingly, the order is modified by providing that the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff lacked a license to distribute the medical supplies at issue is denied, and the matter is remitted to the Civil Court to determine the remaining branches of defendant's motion.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 31, 2020