Charles Deng Acupuncture, P.C. v Ameriprise Auto & Home (2022 NY Slip Op
50050(U))

[*1]

Charles Deng Acupuncture, P.C. v Ameriprise Auto & Home

2022 NY Slip Op 50050(U) [74 Misc 3d 127(A)]

Decided on January 21, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 21, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-855 K C

Charles Deng Acupuncture, P.C., as
Assignee of Rashaun Allen, Appellant,
against
Ameriprise Auto & Home, Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Callinan & Smith, LLP (Nathan Shapiro and Matthew Smith of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin S.
Garson, J.), entered March 5, 2019. The order, insofar as appealed from, granted the branches of
defendant's motion seeking summary judgment dismissing the first, second, fourth, and fifth
causes of action, and denied plaintiff's cross motion for summary judgment.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from so much of an order of the Civil Court as granted the branches of defendant's motion
seeking summary judgment dismissing the first, second, fourth, and fifth causes of action, and
denied plaintiff's cross motion for summary judgment.
Contrary to plaintiff's contention with respect to so much of the order as granted the branches
of defendant's motion seeking summary judgment dismissing the first, second, fourth, and fifth
causes of action, the affidavits by the attorneys who were prepared to conduct the examinations
under oath (EUOs), along with the sworn transcripts of the EUOs, were sufficient [*2]to establish that plaintiff failed to appear for the EUOs at the time
the EUOs were scheduled to commence, and that defendant waited before putting the statements
on the record regarding plaintiff's failure to appear (see Right Aid Med. Supply Corp. v Ameriprise Auto & Home, 64
Misc 3d 142[A], 2019 NY Slip Op 51270[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2019]). In view of the foregoing, plaintiff's assertion that its cross motion for summary
judgment should have been granted as to the aforementioned causes of action lacks merit.
Plaintiff failed to establish its prima facie entitlement to summary judgment upon the third
cause of action, as plaintiff did not establish either that defendant failed to timely deny the claim
at issue (see Viviane Etienne Med. Care,
P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant issued a timely
denial of claim form that was conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide
Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011
NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). While
plaintiff notes that the third and fourth causes of action each sought to recover upon claims
seeking the sum of $200 and contends that the Civil Court mistakenly granted summary
judgment dismissing the fourth cause of action instead of dismissing the third cause of action,
such an argument is unsupported by the record on appeal and lacks merit.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 21, 2022